MANUEL A. ORDONEZ v. W. A. MANDA, INC.

Submitted December 3, 1909—Decided March 4, 1910.

Abridgment of the defendant's right to cross-examine the plaintiff is good ground for a new trial.

---

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the rule, *Vredenburgh, Wall & Carey.*

*Contra, Ambrose E. Vanderpoel.*

The opinion of the court was delivered by

GARRISON, J. The rule to show cause why a new trial should not be granted must be made absolute. The plaintiff's action was for the contract price of orchid bulbs sold and delivered to the defendant. The defence was that the bulbs shipped to the defendant did not in character, quality or quantity comply with the contract and that they were on that account rejected and returned. The plaintiff's case rested practically on his own testimony. On the cross-examination of the plaintiff several questions tending directly to throw light upon the facts testified to in chief, as to the quantity and quality of the bulbs shipped, were overruled. Even in the case of an ordinary witness these denials of the right of cross-examination should lead to a new trial; where, however, the witness is the plaintiff himself, supporting his own claim, sound discretion dictates a free exercise of the right of cross-examination which is often the only means open to the defendant of exposing the meagerness of the claim he is called upon to meet.

There was also ambiguity and error in the court's instruction to the jury upon the question of the burden of proof as to delivery which was the point of the case. Upon this point the court summarized as follows:

"*First.* The burden of proof is upon the plaintiff to satisfy you by a fair preponderance of the evidence that the bargain was as he says, and that the goods bargained for were delivered.

"*Second.* The burden of proof is upon the defendant to satisfy you by a fair preponderance of the evidence that the goods as delivered were not the goods bargained for in quality or quantity."

Both of these propositions could not be true and we have no means of knowing which the jury adopted; the first was entirely correct, the second distinctly erroneous, but how was the jury to know that?

The rule is made absolute.